UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

DEBRA FOSKETT,

      Plaintiff.

Case No.
Hon.
Mag.

**E-FILING**

vs.

WYNDHAM WORLDWIDE CORPORATION,

      Defendant.

---

JEANNE V. BARRON (P37138)
RAFTERY, JANECZEK & HOELSCHER, P.C.
Attorney for **Plaintiff**
32901 Middlebelt Road, Ste. 500
Farmington Hills, MI 48334
(248) 538-2400
jeanne@rjhlaw.com

---

**COMPLAINT AND JURY DEMAND**

> There is no other civil action between these parties arising out of the transaction or occurrence alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed, or transferred after having been assigned to a Judge. MCR 2.113(C)(2)(b)
>
>                 s/Jeanne V. Barron
>                 Jeanne V. Barron (P37138)

NOW COMES the Plaintiff, DEBRA FOSKETT, by and through her attorneys, RAFTERY, JANECZEK & HOELSCHER, P.C. and for her Complaint against Defendant WYNDHAM WORLDWIDE CORPORATION, states as follows:

**Procedural Allegations**

1. Plaintiff, DEBRA FOSKETT, is a resident of Sterling Heights, County of Macomb, State of Michigan. (Hereinafter, "PLAINTIFF")..

2. Defendant, WYNDHAM WORLDWIDE CORPORATION, is a Delaware Corporation doing business and authorized to do business at the Rio Mar Beach Resort, 6000 Rio Mar Boulevard, Rio Grande, Puerto Rico, 00745-4661 (hereinafter, "DEFENDANT").

3. This court has jurisdiction pursuant to 28 USC 1332 Diversity Jurisdiction, and 2805@1367, which gives the District Court jurisdiction over state law claims.

4. Moreover, although DEFENDANT is a Delaware Corporation, DEFENDANT operates and maintains resort and/or hold properties worldwide, including in Michigan.

5. The amount in controversy is over $75,000.00 (Seventy Five Thousand Dollars).

**General Allegations**

6. On or about November 23, 2012, PLAINTIFF, was a business invitee at the Rio Mar Beach Resort, 6000 Rio Mar Boulevard, Rio Grande, Puerto Rico 00745-4661.

7. The Rio Mar Beach Resort is managed, owned and operated by Defendant, WYNDHAM WORLDWIDE CORPORATION, which is incorporated in Delaware and manages properties worldwide, including managing properties in Michigan.

8. That on or about November 23, 2012, PLAINTIFF was vacationing at the Rio Mar Beach Resort to celebrate the baptism of her twin grandchildren.

9. On November 23, 2012, PLAINTIFF was walking from the kiddie pool area, intending to go to the Sea Breeze Restaurant, when she slipped and fell on the tile floor, suffering a closed fracture of her patella, which resulted in open reduction internal fixation surgery in Michigan, of her right knee.

10. At all times hereto, PLAINTIFF'S follow up treatment was in Michigan.

### Count I - Premises Liability

11. PLAINTIFF incorporates by reference paragraphs 1 through 10 of her Complaint as if fully set forth herein.

12. Further, at all times hereto, because of the design of the tile and/or maintenance of the pool area, PLAINTIFF was unable to see that the tile was wet and, therefore, the hazardous condition was not open and obvious and was a hidden defect.

13. Moreover, there were no warning signed near the pool area advising PLAINTIFF or other patrons of the dangerous condition of the area near the pool.

14. At all times hereto, DEFENDANT was responsible for the maintenance, care and/or timely notification of the hazardous condition from the area where PLAINTIFF would be traveling.

15. That on the aforementioned date and time, DEFENDANT owned and/or controlled said premises and had the following duties, among others:

   a. Properly inspect and maintain the premises, particularly the area near the pool;

   b. Insure that the design and/or maintenance of the area did not hinder PLAINTIFF'S ability to see a dangerous condition;

  c. Keep the pool area properly clear and free from hazards;

  d. Removing any potential hazardous conditions from the premises;

  e. Making sure the premises was fit for all intended and/or foreseeable uses;

  f. Protecting PLAINTIFF from hazardous, dangerous conditions, unknown to PLAINTIFF;

  g. Warning PLAINTIFF of any potential hazardous or dangerous condition;

16. That on the aforementioned date and time, DEFENDANT violated said duties and was negligent or grossly negligent in one or more of the following ways; including but not limited to:

  a. Negligently, carelessly and recklessly maintaining its property when DEFENDANT knew or should have known that the tile design and the proximity to the pool posed propensity towards the formation of a hazardous and unsafe conditions, to wit, a slippery surface;

  b. Negligently, carelessly and recklessly failing to warn Plaintiff of the dangerous condition of the pool area;

  c. Negligently, carelessly and recklessly failing to keep the pool area free from any hazards that would endanger persons lawfully on the premises;

  d. negligently, carelessly and recklessly failing to keep the premises safe for all intended and foreseeable uses;

  e. Negligently, carelessly and recklessly failing to remove the water after proper notice of the dangerous condition;

4

    f.    Negligently, carelessly and recklessly failing to properly inspect the premises for any dangerous condition on the property;

    g.    Negligently, carelessly and recklessly failing to protect the Plaintiff against hazards described herein; and

    h.    Negligently, carelessly and recklessly designing or causing to design the tile which made the dangerous condition difficult to see.

17. That as a direct and proximate result of the aforesaid acts of negligence by DEFENDANT, PLAINTIFF suffered severe and permanent and disfiguring injuries, to wit, a closed fracture of the patella which resulted in open reduction internal fixation surgery;

18. As a direct and proximate result of DEFENDANT'S negligence, Plaintiff, DEBRA FOSKETT, has suffered severe and permanent injuries, including but not limited to:

- mental and emotional distress;
- pain and suffering;
- loss of enjoyment of life;
- humiliation;
- mortification;
- disfigurement; and
- loss of wages.

Further, that the above damages and injuries are severe and believed to be permanent in nature.

WHEREFORE, Plaintiff, DEBRA FOSKETT, respectfully requests this Honorable Court enter an award in an amount over $75,000.00 (Seventy Five Thousand Dollars), that the trier of fact finds the PLAINTIFF to be entitled, together with costs, interest and attorney fees so wrongfully sustained.

Respectfully submitted,

s/Jeanne V. Barron
JEANNE V. BARRON (P37138)
RAFTERY, JANECZEK & HOELSCHER, P.C.
Attorney for **Plaintiff**
32901 Middlebelt Road, Ste. 500
Farmington Hills, MI 48334
(248) 538-2400
jeanne@rjhlaw.com

## **DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, DEBRA FOSKETT, by and through her attorneys, RAFTERY, JANECZEK & HOELSCHER, P.C. , and hereby demands a trial by jury in the above cause of action.

Respectfully submitted,

s/Jeanne V. Barron
JEANNE V. BARRON (P37138)
RAFTERY, JANECZEK & HOELSCHER, P.C.
Attorney for **Plaintiff**
32901 Middlebelt Road, Ste. 500
Farmington Hills, MI 48334
(248) 538-2400
jeanne@rjhlaw.com

Dated: June 11, 2014